UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES GARNER and TINA TURNER, )<br> )<br>    Plaintiffs, )<br> )<br> )<br>    v. )<br> )<br>DOOR & WINDOW GUARD )<br>SYSTEMS, INC., *et al.*, )<br> )<br>    Defendants. ) | Case No. 15-cv-10553<br><br>Judge John W. Darrah |

## **ORDER**

Plaintiffs' Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Accordingly, Plaintiffs' *In Forma Pauperis* Application [4] is denied.

## **STATEMENT**

On November 20, 2015, Plaintiffs filed a Complaint with an application to proceed without paying the customary $400 filing fee.

When a complaint is filed with a request to proceed *in forma pauperis*, the court will dismiss the case if it determines the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court applies the same standard it would use to rule on a Rule 12(b)(6) motion to dismiss. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The court views the complaint's allegations in a light most favorable to the plaintiff, draws all reasonable inferences in favor of the plaintiff, and takes as true all well-pleaded facts and allegations in the complaint. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide the defendant with fair notice of the plaintiff's claims and the grounds upon which they rest. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the plaintiff's claim must be plausible, and the factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs appear to allege constitutional and other violations based on the removal of their children from their custody due to an allegedly fraudulent report or reports to the Illinois Department of Children and Family Services (IDCFS) and a "scheme" to file frivolous lawsuits and criminal charges against the Plaintiffs.

Plaintiffs have not alleged facts that go beyond mere speculation in support of their

claimed violations of constitutional rights; and Plaintiffs' bare assertions of constitutional violations are conclusory and are not assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Many of Plaintiffs' claims, such as they are, stem from what appear to be legitimate actions by the IDCFS. It should also be noted that Plaintiffs have filed numerous lawsuits in which they have failed to follow the applicable procedures and/or make meritorious claims. *See*, *e.g.*, *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶¶ 16-17, 2 N.E.3d 532, 537, reh'g denied (Jan. 14, 2014), appeal denied, 8 N.E.3d 1053 (Ill. 2014); and *Tina Turner & James Garner v. The City of Chicago, et al.*, No. 12 CV 9994, 2015 WL 7568373 (N.D. Ill. Nov. 25, 2015).

Plaintiffs' Complaint has failed to state a claim under Rule (12)(b)(6) and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Consequently, Plaintiffs' motion to proceed *in forma pauperis* [4] is denied as moot.

Date:     December 14, 2015         /s/ _____
                                                                                                           John W. Darrah
                                                                                                           U.S. District Court Judge